MOORE, Chief Justice
(dissenting).
I agree with the Chief Justice of the United States Supreme Court that’ the decision in Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), represents “further judicial displacement of the legislative role in prescribing appropriate punishment for crime.” 567 U.S. at -, 132 S.Ct. at 2481 (Roberts, C.J., dissenting). As Chief Justice Roberts concluded: “Neither the text of the Constitution nor our precedent prohibits legislatures from requiring that juvenile murderers be sentenced to life without parole.” 567 U.S. at -, 132 S.Ct. at 2482. In a similar vein, Justice Thomas wrote:
“The legislatures ■ of Arkansas and Alabama, like those of 27 other jurisdictions, ... have determined that all offenders convicted of specified homicide offenses, whether juveniles or not, deserve a sentence of life in prison without the possibility of parole. Nothing in our Constitution authorizes this Court to supplant that choice.”
Miller, 567 U.S. at-, 132 S.Ct. at 2483 (Thomas, J., dissenting) (emphasis added). Justice Alito, also dissenting in Miller, stated: “Nothing in the Constitution supports this arrogation of legislative authority.” 567 U.S. at-, 132 S.Ct. at 2487